**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

|  |  |
|---|---|
| **THE UNITED STATES OF AMERICA** | * |
| v. | * Criminal No. CCB-16-287 |
| **KIMBERLY DUCKFIELD** | * |

\* \* \* \* \*

## MOTION TO SUPPRESS EVIDENCE

The Defendant, Kimberly Duckfield, through counsel, Jonathan P. Van Hoven, hereby respectfully moves this Honorable Court, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, to suppress evidence obtained from an unlawful search and seizure on or about March 23, 2016, and as grounds therefore states the following:

1. The Defendant is charged with Bank Fraud Conspiracy in violation of 18 U.S.C. §1349 and Aggravated Identity Theft in violation of 18 U.S.C. §1028(a)(1) and (c)(5)

2. On March 22, 2016, a Special Agent with the FBI applied for and obtained a Search and Seizure Warrant for evidence she believed would be found at 17810C Broadfording Road in Hagerstown, MD. The search and seizure warrant was executed on or about March 23, 2016. The Defendant has standing to challenge the warrant as the resident of this property at the time of its execution. Items seized include letters between the Defendant and her co-defendant husband.

3. All evidence obtained as a result of this warrant was obtained as the result of an illegal search and seizure in violation of her constitutional rights. The warrant fails to allege sufficient probable cause that evidence of a crime would be found in the residence. The warrant fails to allege probable cause as defined in *Illinois v. Gates*, 462 U.S. 213 (1983), that is, such details that give rise to a fair probability that contraband or evidence of a crime will be found in a particular place.

4. The warrant fails to establish a sufficient nexus between alleged criminal conduct and the place to be searched, failed to set forth with any particularity how it was more likely than not that there would be evidence within the residence, was too general and failed to establish a sufficient nexus between the alleged criminal activity and the residence. *Payton v. New York*, 445 U.S. 573, 583 (1980).

5. Items seized should be suppressed because the probable cause for this warrant relies upon evidence that was illegally obtained following electronic eavesdropping of the defendant's privileged telephone conversations with her husband. Thus, the items seized were done so as fruits of illegally obtained evidence. *Wong Sun v. United States*, 371 U.S. 471 (1963).

6. The evidence was seized outside of the scope of the warrant, and thus the seizure exceeded the warrant's permissible scope and the government should be precluded from using these items as evidence.

WHEREFORE, the Defendant respectfully requests that this Court suppress all evidence obtained by law enforcement authorities as the result of the search of the residence.

Respectfully submitted,
/s/

Jonathan P. Van Hoven
One North Charles Street
Suite 1215
Baltimore, MD 21201
(410) 576-0689

## REQUEST FOR HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, a hearing is requested on the defendant's Motion.

/s/

Jonathan P. Van Hoven

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of September, 2016, a copy of the foregoing Motion to Suppress Evidence was filed via ECF.

/s/

Jonathan P. Van Hoven